**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **United States of America,** | **No. 18-CR-33 (SRN/HB)** |
| **Plaintiff,** | |
| v. | **ORDER ON MOTION FOR** |
| | **COMPASSIONATE RELEASE** |
| **Sergio Tomas De Dios Artechi,** | |
| **Defendant/Petitioner** | |

---

Katharine T. Buzicky, Office of the U.S. Attorney, 316 N. Robert St., Ste. 404, Saint Paul, MN 55101, for Plaintiff United States of America

Sergio Tomas De Dios Artechi, Reg. No. 33255-171, FCI Thomson, P.O. Box. 1002, Thomson, IL 61285, Pro Se Defendant/Petitioner

---

SUSAN RICHARD NELSON, United States District Judge

Before the Court is the Pro Se Motion to Reduce Sentence ("Compassionate Release Motion") [Doc. No. 271] filed by Defendant/Petitioner Sergio Tomas De Dios Artechi. Mr. Artechi seeks a sentence reduction, and the Government opposes his motion. (Gov't's Opp'n [Doc. No. 278] at 5–11). Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies the motion without prejudice.

1

## I.    BACKGROUND

Mr. Artechi is serving a sentence of 120 months, the mandatory statutory minimum sentence, following his guilty plea and conviction for aiding and abetting the distribution of methamphetamine.  (Sentencing Hr'g Tr. [Doc. No. 208] at 3–5, 9.)  Mr. Artechi's guideline range was 121 to 151 months. (*Id.* at 7.)  At sentencing, the Court noted that the offense was Mr. Artechi's third drug conviction, and that despite his lack of legal status in the United States, he had returned on multiple occasions.  (*Id.* at 12.)  However, the Court also identified mitigating circumstances, including Mr. Artechi's brief involvement in the drug conspiracy, his substance abuse history, and his impoverished background. (*Id.* at 13.)

Mr. Artechi is serving his sentence at FCI Thomson in Thomson, Illinois, and has a projected release date of January 3, 2027. *See* Find an inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 31, 2026).

In the instant motion, Mr. Artechi seeks "a sentence reduction under the Sentencing Guidelines outside of the record in conjunction with the 2025 amendments" "to reduce sentence concerning meth and cocaine offenses." (Def.'s Mot. at 1.)  The Court construes his motion as a request for compassionate release under 18 U.S.C. § 3582(c).  In particular, Mr. Artechi appears to rely on Amendment 833 to the U.S. Sentencing Guidelines, which aimed to "encourage broader use" of the mitigating role adjustment in drug trafficking cases, and which became effective on November 1, 2025.  *See* U.S. Sent. Comm'n, *Amendment 833*, https://www.ussc.gov/guidelines/    amendment/833.  In addition, Mr.

Artechi argues that prison overcrowding "can be a justified reasons to grant this 3582 sentence reduction base[d] on 3553(a) factors." (Def.'s Mot. at 4.)

In opposition, the Government argues that Mr. Artechi's Compassionate Release Motion should be denied without prejudice because he has failed to exhaust his administrative remedies. (Gov't's Opp'n at 5–6.) Even if the Court considers his arguments on the merits, assuming that he seeks relief under U.S.S.G. § 1B1.13(b)(6) for receiving an "unusually long sentence," the Government asks the Court to reserve its ruling pending resolution of this issue before the Supreme Court, which is considering the issue in two cases on appeal. (*Id*. at 6) (citing *Carter v. United States*, No. 24-860; *Rutherford v. United States*, No. 24-820). If the Court declines to reserve its ruling, the Government requests that the Court declare § 1B1.13(b)(6) invalid. (*Id*. at 7.) In any event, if the Court declines to reserve its ruling or find § 1B1.13(b)(6) invalid, the Government contends that Mr. Artechi is ineligible for relief under § 1B1.13(b)(6). (*Id.* at 8–9.) Finally, the Government asserts that consideration of the sentencing factors under 18 U.S.C. § 3553 disfavors release and that Mr. Artechi poses a danger to the community. (*Id.* at 8–10*.*)

## II.    DISCUSSION

"[A] court may not modify a term of imprisonment once it has been imposed" except pursuant to statute. *United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. *See* 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's term of imprisonment if: (1) "after considering the factors set forth in § 3553(a) to the extent that they are applicable"; (2) the court finds that "extraordinary and

3

compelling reasons warrant such a reduction"; and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission has provided guidance about compassionate release in the U.S. Sentencing Guidelines, § 1B1.13 (2024). It has identified certain extraordinary and compelling reasons for a sentence reduction, including: (1) the medical circumstances of the defendant; (2) the defendant's advanced age; (3) the defendant's family circumstances; or (4) the defendant being a victim of sexual abuse perpetrated by BOP staff. U.S.S.G. § 1B1.13(b)(1)–(4). In addition, a catch-all provision for "other reasons" permits courts to consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4) [noted above]" that "are similar in gravity to those described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

Also, the Sentencing Commission has addressed the impact of changes in the law on defendants who have received "unusually long sentence[s]," finding that this may also constitute an extraordinary and compelling reason for a sentence reduction:

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6). The unusually long sentence provision is subject to the following limitation:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

*Id.* § 1B1.13(c).

A defendant seeking compassionate release "bears the burden to establish he is eligible for a sentence reduction." *United States v. Demikh*, No. 15-CR-1132 (MJD/HB), 2022 WL 2643903, at *1 (D. Minn. July 8, 2022) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Ocanas*, 516 F. Supp. 3d 936, 938 (D. Minn. Feb. 2, 2021)).

### A. Administrative Exhaustion

As an initial matter, Mr. Artechi bears the burden of demonstrating that before he brought his Compassionate Release Motion, he first exhausted his administrative remedies with the BOP.  He may do so in either of two ways—by presenting evidence of a direct denial of his request for compassionate release, or by the lapse of 30 days without a reply from the BOP.  *See* 18 U.S.C. § 3582(c)(1)(A).  Mr. Artechi has failed to submit any documentation of an administrative request.  Moreover, while it is not the Government's burden to do so, the Government attempted to independently locate documentation of Mr. Artechi's administrative exhaustion of his claim for compassionate release, but did not find any such documentation. (Gov't's Opp'n at 5–6.)

While the Court liberally construes pro se filings, *see United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a pro se movant must still comply with the applicable statutory requirements underlying their § 3582(c) motion, and must offer evidence of such compliance sufficient to meet their burden of proof.  *See Ocanas*, 516 F. Supp.3d at 938 n.2 (finding that initially "there was no evidence in the record demonstrating that Ocanas had exhausted his administrative rights" but that he later "provided evidence that he petitioned the warden for compassionate release" without reply and that, "[t]herefore, the motion [was] properly before the Court."). On the record before the Court, Mr. Artechi has not met his burden to demonstrate administrative exhaustion.    Therefore, the Court denies without prejudice his Compassionate Release Motion for failure to exhaust his administrative remedies.

### B. Extraordinary and Compelling Reasons

Even if Mr. Artechi had met his burden to demonstrate administrative exhaustion, his Compassionate Release Motion would still fail on the merits.

### 1. Unusually Long Sentence

By invoking a change in the law (Def.'s Mot. at 1–3), Mr. Artechi indirectly invokes Sentencing Guideline § 1B1.13(b)(6), which is among the enumerated "[e]xtraordinary and compelling reasons" that may warrant compassionate release.  Section 1B1.13(b)(6) applies to defendants who have received unusually long sentences, who have served at least 10 years of imprisonment, and for whom a change in the law (other than an amendment to the Guidelines that has not been made retroactive) "would produce a gross

6

disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6).

As noted, the Government asks the Court to stay its ruling on this claim pending resolution of the matters before the Supreme Court in *Carter* and *Rutherford*. The Court declines to reserve its ruling because it is able to rule on the instant motion even assuming the validity of § 1B1.13(b)(6).[1] Even assuming § 1B1.13(b)(6)'s validity, Mr. Artechi is ineligible for relief on the merits. *See United States v. Dunn*, No. 17-cr-168 (SRN/KMM), 2025 WL 1364166, at *4 (D. Minn. May 12, 2025) (finding defendant ineligible for relief, even assuming the validity of § 1B1.13(b)(6)); *United States v. Reese*, 735 F. Supp. 3d 1094, 1099 (D. Minn. 2024) (noting "an ongoing debate among the circuit courts regarding the validity and application of U.S.S.G. § 1B1.13(b)(6)," and resolving the defendant's compassionate release motion on other grounds); *see also United States v. Salazar*, No. 23-cr-247(1) (DWF/DTS), 2025 WL 1207589, at *1 (D. Minn. Apr. 25, 2025) (acknowledging "ongoing debate," and declining to address the section's validity or to stay the case because defendant's argument failed on the merits).

Mr. Artechi fails to meet the criteria for relief under § 1B1.13(b)(6) for several reasons. First, he has not served "at least 10 years of the term of imprisonment," as his total prison term is for 120 months, i.e., 10 years. Second, he has not identified any change in the sentencing laws that would create a "gross disparity" between his sentence and a

---

[1] Moreover, the Court is concerned about the potential for additional delay. While the Supreme Court heard oral argument in *Carter* and *Rutherford* in November 2025, the cases remain under advisement.

sentence that the Court would likely impose today. He was subject to a mandatory minimum and received a sentence that was actually one month less than the lowest end of the guidelines range.

Finally, Amendment 833 has not been made retroactively applicable to defendants seeking a reduction in sentence. See U.S.S.G. § 1B1.10 (listing amendments for which a reduction in sentence may apply retroactively, and not listing Amendment 833). The Sentencing Commission's policy statement provides that "an amendment to the Guidelines Manual that has not been made retroactive [ ] shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c). While a non-retroactive change may not serve as an independent basis for relief, if a defendant otherwise establishes extraordinary and compelling reasons for a sentence reduction, courts may take into consideration a non-retroactive amendment, but only to determine the extent of any such reduction. While Mr. Artechi identifies prison overcrowding as an additional basis for a reduction in sentence, the Court does not find this allegation sufficient on its own, or in combination with Amendment 833, to constitute an extraordinary and compelling reason for a reduction in sentence.

For all of these reasons, the Court finds that Mr. Artechi's claim for relief would fail on the merits, even if he had exhausted his administrative remedies.

**D. Factors Under 18 U.S.C. § 3553(a)**

Pursuant to the Sentencing Commission's policy statement, a court may reduce a term of imprisonment for an eligible defendant only after considering the sentencing

factors set forth in 18 U.S.C. § 3553(a),[2] if applicable, and if the court determines that "the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2).

The Court has found that no extraordinary or compelling reasons warrant compassionate release, moreover, consideration of the § 3553(a) factors does not weigh in favor of relief. Mr. Artechi's sentence reflects the seriousness of his conduct, as the offense of conviction was his third federal drug-trafficking conviction, and he would pose a danger to the public if released. His sentence appropriately provides just punishment for his offenses and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(A)–(B).

## III.    CONCLUSION

Accordingly, based on the foregoing and on all the files, records, and proceedings herein it is **HEREBY ORDERED THAT**:

---

[2] Pursuant to § 3553(a), and as relevant here, the sentencing court shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for-- (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

18 U.S.C. § 3553(a).

1.  The Pro Se Motion to Reduce Sentence/for Compassionate Release [Doc. No. 271] filed by Defendant/Petitioner Sergio Tomas De Dios Artechi is **DENIED without prejudice**.

Dated: April 1, 2026

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge